RECEIVED
FEB 2 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH NEWMAN, JR. | CIVIL ACTION NO. 04-1925 |
| VERSUS | JUDGE DOHERTY |
| TORCH INC., ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

In this general maritime action, the defendants have filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that they cannot be liable for Mr. Newman's injuries because he allegedly was injured during ingress/egress operations and they had no responsibility for ingress/egress from the vessels involved in Mr. Newman's accident. In response, both the plaintiff and the movants' co-defendant, Offshore Express, Inc., have filed opposition briefs indicating that they cannot respond fully and completely to the defendants' motion because insufficient discovery has been completed in this case to date.

Rule 56(f) of the Federal Rules of Civil Procedure grants this Court the discretion to refrain from considering a motion for summary judgment until sufficient time has passed for completion of discovery concerning the facts pertinent to the motion. "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. Proc. 56(f). In the Fifth Circuit, "Rule 56(f) motions are generally favored and should be liberally granted." Beattie v. Madison County

School District, 254 F.3d 595, 606 (5th Cir. 2001).

While a significant amount of time has passed since this matter was filed, the procedural history in this case is unusual. Substantial delays in discovery occurred after the imposition of a stay by this Court, which was caused by the movants' report that this matter was subject to a bankruptcy stay. It later developed, however, that the movants' representation to this Court that this case was subject to a bankruptcy stay was not accurate; as a result, this Court lifted the stay and re-imposed the same Scheduling Order deadlines which had been in place prior to the stay. Thereafter, additional delays in the conduct of discovery were caused by the chaos that followed Hurricane Katrina. For these reasons, it appears that the Motion for Summary Judgment is premature at this time.

Even had sufficient discovery been completed to permit those who oppose the motion to file complete briefs, however, the defendant's motion, as it has been urged, would not be granted. First, the motion is founded upon at least one misstatement of law. According to the defendants, "[t]he time charterer owes no duty to a disembarking passenger," under Hodgen v. Forest Oil Corporation, 87 F.3d 1512, 1519 (5th Cir. 1996). While the opinion does contain language substantially similar to this quote, however, the Court quite clearly and explicitly went on to draw "several principles" from its wide-ranging precedents concerning the liability of a time charterer for ingress- or egress-related injuries, including, the principle that "the fact that a vessel owes a duty to a passenger to provide a safe means of ingress and egress does not mean that an accident arising from this activity cannot also be the fault of the time charterer, if the plaintiff can establish that accident resulted in part from a decision, such as the timing of the ingress or egress, within the time charterer's control spheres." Id. at 1520. Thus, contrary to the movants' suggestion in their brief, the Fifth Circuit has

2

not *precluded* the imposition of liability upon a time charterer for accidents such as the one at issue here. Quite to the contrary, the Fifth Circuit has explicitly recognized that such a potential for liability actually exists. As a consequence, the determination of whether a particular time charterer is, or is not, liable for damages resulting from a specific ingress- or egress-related accident is very fact-specific. In its motion, the defendant has provided virtually no information concerning the facts and circumstances surrounding the plaintiff's accident and, therefore, has not proven that it is entitled to judgment as a matter of law.

Second, the defendants' conclusory statements describing the facts in this case are in conflict with the affidavit the plaintiff has produced in opposition to the motion. Thus, even had the movants accurately represented the state of the law, the plaintiff has produced sufficient evidence to demonstrate the existence of many genuine issues of material fact.

For all of the foregoing reasons, the defendants' Motion for Summary Judgment will be denied without prejudice to the defendants' right, once discovery has been completed, to file another motion. However, should the defendants choose to do so, counsel are advised to ensure that briefing to this Court accurately portrays the state of both the law and the evidence.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ____ day of February, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT

3